

FILED
MAY 20 2009
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| DANNY PHILLIPS, | ) | CV 09-16-H-DWM-RKS |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| GOV. BRIAN SCHWEITZER, et al., | ) | |
| Defendants. | ) | |

Plaintiff Danny Phillips brought this action pursuant to 42 U.S.C. § 1983 alleging that state officials violated the Eighth Amendment by denying him treatment for Hepatitis C. Pursuant to 28 U.S.C. § 636(b), the matter was referred to Magistrate Judge Strong, who issued Findings and Recommendation on April 14, 2009, recommending that Phillips' complaint be dismissed with prejudice and a strike assessed against him. Phillips timely objected to the Findings and

1

Recommendation on May 4, 2009, and is therefore entitled to *de novo* review of the record. 28 U.S.C. § 636(b)(1). Despite Phillips' objections, I agree with Judge Strong's analysis and conclusions. Because the parties are familiar with the factual and procedural background, it will not be restated here.

I

Phillips' complaint alleges that Defendants are in violation of the Eighth Amendment because they are deliberately indifferent to his need for treatment for his Hepatitis C. Specifically, Phillips argues that Defendants' failure to treat him with Interferon and Ribavirin violates the Eighth Amendment. The record shows that Phillips asked for specific pharmacological treatment and a liver transplant, and in response prison medical personnel reviewed Phillips' case and informed him that his overall health was an issue. Specifically, prison medical personnel noted that until Phillips' diabetes is under control he is not a candidate for the drug treatment. See dkt # 8-2 at 2, 5. They informed Phillips also that he was likely not a candidate for a transplant and that his "best bet for a transplant would be to try for medical parole." Id. at 6.

Judge Strong concluded that Phillips' complaint alleged that prison officials refused to provide him with the treatment he requested. Because a mere disagreement about treatment is insufficient to establish deliberate indifference to

2

a prisoner's serious medical condition, Judge Strong concluded that Phillips' complaint failed to state a claim and recommended dismissing it and assessing a strike against Phillips pursuant to 28 U.S.C. § 1915(g).

## II

### a.

Phillips objects to the conclusion that his complaint merely alleged that prison officials refused to treat him as specifically requested. He argues that his complaint alleges that Defendants "refuse[d] any treatment whatsoever of a serious medical need." The record shows, however, that medical personnel responded to Phillips' requests by informing Phillips that he was not a candidate for treatment because of his overall health, he needed to get his diabetes under control, and he had "very low platelets." The record shows that Phillips' complaints of discomfort were referred to appropriate personnel and he was periodically evaluated.

The record thus shows that prison medical personnel received and acted on Phillips' requests for treatment. The fact that they determined he did not require the treatment he requested does not show deliberate indifference equivalent to refusing to treat a serious medical condition. Judge Strong was correct in concluding that prison medical personnel's disagreement with the specific treatment Phillips requested does not amount to deliberate indifference. See

3

Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

### b.

Phillips objects to the conclusion that Defendants were not deliberately indifferent to his serious medical condition, arguing that the deliberate indifference standard can be met when medical personnel choose an easier but less effective method of medical care. This objection seems aimed at Judge Strong's reasoning from precedent holding that prison officials have "wide discretion regarding the nature and extent of medical care." Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). In support of this argument, Philips cites West v. Keve, 571 F.2d 158, 162 (3d Cir. 1978).

West involved a plaintiff afflicted with a chronic and painful condition requiring surgery. Id. at 160. The plaintiff filed a complaint pursuant to 42 U.S.C. § 1983, alleging that prison officials had refused to allow him to undergo the surgery and refused to provide him with post-operative care when he finally did. Id. at 60-61. The Third Circuit reversed the district court's dismissal of the complaint, holding that the plaintiff had set forth a claim for deliberate indifference. The court noted that the plaintiff claimed he was denied proper post-operative care, that he was in pain, that he was not allowed to see the doctor who performed his operation, and that he was not given medication for his post-

4

operative pain. Id. at 162. The defendants claimed they had given the plaintiff aspirin, but the court said "this may not constitute adequate medical care" and thus the complaint should not have been dismissed.

Phillips' case does not implicate the reasoning in West. Contrary to the facts in West, medical personnel determined Phillips was not in need of aggressive treatment. In West, the plaintiff had undergone surgery and claimed he was in pain and was denied access to the surgeon who had performed his operation. Id. at 162. When the defendants responded they had given the plaintiff aspirin, the court opined that such a response to the need for adequate post-operative care was insufficient to sustain a dismissal of the complaint's allegations of deliberate indifference. Id. This is not analogous to the deliberate indifference claim Phillips makes, i.e., that he is not receiving what he claims is the best possible medical treatment for his ailment.

c.

Phillips objects to Judge Strong's conclusions, arguing that "the easiest way to meet the subjective [prong of deliberate indifference] is to offer proof that a prison doctor has diagnosed a serious medical condition, and yet, failed to provide treatment." He cites Hudson v. McHugh, 148 F.3d 859, 864 (7th Cir. 1998), where a prisoner claimed he was epileptic, was denied his medication for eleven

5

days, and suffered a seizure as a result. Again, the facts of Phillips' case, evident from the complaint and exhibits, do not reveal a comparable situation. Phillips wants medication he has never had. He does not claim that prison officials, as in Hudson, have denied him medical treatment he undisputably needs. Rather, he claims they refuse to provide him with the treatment he says he needs, an opinion with which they disagree. This does not state a claim under the subjective prong of the deliberate indifference standard.

### d.

Mulkey objects to the Findings and Recommendation, arguing that the subjective standard of deliberate indifference is met if prison officials interfere with a prisoner's ability to gain treatment. He argues that treatment of Hepatitis C with Interferon and Ribavirin is currently "the recommended treatment for Hepatitis C in the modern medicine, technology, and current beliefs about human decency ," and therefore the Eighth Amendment, which looks to "evolving standards of decency," requires it. The evidence Phillips provided with his complaint shows that the treatment he advocates has promise for Hepatitis C patients. It does not show as he claims, however, that "evolving standards of decency" demand that prison officials provide nothing less. This is not what the law requires, and Phillips provides no authority for the proposition that it does.

6

**e.**

In his objections Philips makes a retaliation claim. He claims that prison medical personnel took away his wheelchair as retaliation for his requests for treatment for his Hepatitis C. The issue was not raised in the complaint and therefore Judge Strong did not consider in the Findings and Recommendation. The Court will not address an issue raised for the first time in the objections to the Findings and Recommendation.

### III

In accordance with the foregoing,

IT IS HEREBY ORDERED that the Findings and Recommendation (dkt # 4) are adopted in full;

IT IS FURTHER ORDERED that Plaintiff's claim brought pursuant to 42 U.S.C. § 1983 is DISMISSED WITH PREJUDICE, and the Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure;

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 1367(c)(3) the Court declines to exercise supplemental jurisdiction over the state law claims and they are DISMISSED WITHOUT PREJUDICE; Plaintiff is advised that pursuant to 28 U.S.C. § 1367(c)(3) he must file his state law claims in state court within

7

thirty (30) days of the date of entry of judgment in this Court;

IT IS FURTHER ORDERED that the docket shall reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because the complaint fails to state a claim for which relief can be granted;

IT IS FURTHER ORDERED that the docket shall reflect that the Court certifies pursuant to Fed.R.App.P. 24 (a)(3)(A) that any appeal of this decision would not be taken in good faith.

Dated this 20 day of May, 2009.

Donald W. Molloy, District Judge
United States District Court

8